UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAMUEL ENCARNACION,

                Petitioner,

-against-

THE SUPERINTENDENT OF FIVE POINTS C.F.,

                Respondent.

1:21-CV-7584 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner Samuel Encarnacion, who is currently incarcerated in the Five Points Correctional Facility, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 ("Section 2254"). He challenges his December 19, 2007, conviction in the New York Supreme Court, Bronx County.[1] By order dated September 16, 2021, the Court granted Petitioner's request to proceed *in forma pauperis*. For the reasons discussed below, the Court grants Petitioner 60 days from the date of this order to show cause why the Court should not deny the petition as time-barred.

## DISCUSSION

**A.**    **Statute of limitations**

      The petition may be time-barred. A prisoner seeking *habeas corpus* relief under Section 2254 must generally file a petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created

---

[1] Petitioner was convicted of the following counts: (1) second degree murder; (2) attempted second degree murder; and (3) two counts of first degree assault. *See People v. Encarnacion,* 87 A.D.3d 81, 85 (1st Dep't 2011). The trial court sentenced Petitioner to a 20-years-to-life prison term as to the murder count, to run consecutively to three concurrent 20-year prison terms as to the remaining counts, and to be followed by a five-year term of postrelease supervision. *See id.*

impediment to filing the Section 2254 petition is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court of the United States, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner alleges that, on December 19, 2007, he was convicted in the New York Supreme Court, Bronx County. Court records indicate that, on June 23, 2011, the New York Supreme Court, Appellate Division, First Department, affirmed the conviction, *Encarnacion*, 87 A.D.3d 81, and on November 18, 2011, the New York Court of Appeals denied leave to appeal, *People v. Encarnacion*, 17 N.Y.3d 952 (2011). Petitioner's conviction consequently became final on February 16, 2012, following "the expiration of . . . [the 90-day period of] time to petition for certiorari in the Supreme Court of the United States." *Warren v. Garvin*, 219 F.3d 111, 112 (2d Cir. 2000); *see* S. Ct. R. 13(1) (90-day period to seek *certiorari*).

Under Section 2244(d)(1)(A), Petitioner had one year from the date that his conviction became final – or until February 19, 2013 – to file a timely Section 2254 petition in this court.[2] Petitioner alleges that he did not submit his petition to his prison's mail system for its delivery to this court until September 2, 2021. (ECF 1, at 22.)

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), when a petitioner's postconviction collateral motions or applications are filed in the state courts before the expiration of the applicable limitations period to bring a Section 2254 petition, those motions

---

[2] Because the last day of the one-year limitations period actually fell on Saturday, February 16, 2013, and because Monday, February 18, 2013, was a federal holiday (Washington's Birthday), the limitations period was extended to the next court business day, Tuesday, February 19, 2013. *See* Fed. R. Civ. P. 6(a)(1)(C), (6).

2

and applications and their related proceedings may toll that limitations period. *See* 28 U.S.C. § 2244(d)(2). "[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). In other words, Section 2244(d)(2) tolling applies only if a petitioner's postconviction collateral motion or application is pending within the one-year limitations period.

Here, Petitioner alleges that, on July 24, 2012, he filed an application for error *coram nobis* relief in the Appellate Division. (ECF 1, at 3.) Petitioner does state not when the Appellate Division ruled on that application. But court records show that the Appellate Division denied his error *coram nobis* application on December 27, 2012. *People v. Encarnacion*, Motion No. M-4076, 2012 WL 6699911 (1st Dep't Dec. 27, 2012). The New York Court of Appeals denied leave to appeal the denial of his application on May 31, 2013. *People v. Encarnacion*, 21 N.Y.3d 942 (2013).

Petitioner also alleges that, on October 7, 2013, he filed a postconviction collateral motion in the trial court under N.Y. Crim. Proc. Law § 440.10, which that court denied on December 23, 2013. (ECF 1, at 3-4.) Petitioner has attached a document to his petition stating that, on October 21, 2014, the Appellate Division denied Petitioner's application for leave to appeal the denial of that Section 440.10 motion. (*Id.* at 91); *see People v. Encarnacion*, Motion Decision M-4309, 2014 WL 5333461 (1st Dep't Oct. 21, 2014).[3]

---

[3] Petitioner asserts that the period between July 2014 and December 2015 should be tolled because he filed a postconviction collateral motion in the trial court under N.Y. Crim. Proc. Law § 440.20 in July 2014 that "was not processed." (ECF 1, at 29.) Under Section 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." "[A]n application is '*properly* filed' [for the purpose of Section 2244(d)(2)] when its delivery and acceptance are in compliance with the applicable laws and

Petitioner further alleges that, on December 19, 2015, he filed a second Section 440.10 motion in the trial court, which that court denied on November 28, 2016.[4] (ECF 1, at 4.) It is unclear whether Petitioner ever sought leave to appeal the trial court's denial of his second Section 440.10 motion to the Appellate Division.

Petitioner additionally alleges that, on May 22, 2017, he filed his second application for error *coram nobis* relief in the Appellate Division and that that court denied the application on February 8, 2018. (*Id.* at 5.) It is unclear whether Petitioner sought leave to appeal the denial of his second error *coram nobis* application to the New York Court of Appeals.

A document attached to the petition states that, on July 16, 2018, Petitioner filed a motion in the trial court under N.Y. Crim. Proc. Law § 440.20. (*Id.* at 91.) That same document states that, on August 29, 2018, Petitioner filed a third Section 440.10 motion in the trial court and that

---

rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (italics in original). But it "is not 'properly filed' when the state court rejects it for failure to comply with 'filing conditions . . . , which go to the very initiation of [the application] and a court's ability to consider that [application].'" *Fellows v. Baker*, No. 2:20-CV-139, 2021 WL 4200875, *7 (D. Vt. Mar. 10, 2021) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005)), *report & recommendation adopted*, (D. Vt. Sept. 15, 2021). It is unclear from the petition whether the above-referenced Section 440.20 motion was properly filed for the purpose of Section 2244(d)(2) tolling.

[4] Petitioner has attached a document stating that, on November 8, 2016, he filed a petition in the Appellate Division under Article 78 of the New York Civil Practice Law and Rules asking the Appellate Division to compel the trial court to issue a ruling on his second Section 440.10 motion – a motion that the trial court denied twenty days later, on November 28, 2016. (ECF 1, at 91.) The Appellate Division denied Petitioner Article 78 relief on January 19, 2017. (*Id.*); *see Encarnacion v. Price*, 146 A.D.3d 624 (1st Dep't 2017). Petitioner asserts that that Article 78 petition, as well as another subsequently filed Article 78 petition that he filed in the Appellate Division to compel the trial court's adjudication of another postconviction collateral motion, tolled the limitations period under Section 2244(d)(2). (ECF 1, at 27, 29.) But "[a]n Article 78 proceeding qualifies as 'State collateral review' [for the purpose of Section 2244(d)(2) tolling only if] . . . the proceeding challenges 'the *pertinent judgment* at issue.'" *Pitt v. Rabiduea*, No. 9:10-CV-1233, 2013 WL 4457377, at *3 (N.D.N.Y. Aug. 16, 2013) (quoting *Collins v. Ercole*, 667 F.3d 247, 253 (2d Cir. 2012) (italics in original)). Petitioner's Article 78 proceedings did not, however, challenge his judgment of conviction, which is the pertinent judgment at issue in this *habeas corpus* action.

on February 5, 2019, the trial court denied both of those motions.[5] (*Id.* at 91-92.) It is unclear whether Petitioner ever sought leave to appeal the denial of those motions to the Appellate Division.

Petitioner alleges that on September 2, 2021 – two years, six months, and 28 days later – he placed his Section 2254 petition into his prison's mail system for its delivery to this court. (*Id.* at 22.) Thus, even if the applicable limitations period was tolled under Section 2244(d)(2) because of Petitioner's state-court postconviction collateral motions and applications, that one-year period appears to have expired when an aggregate of 12 months – the time not tolled by Section 2244(d)(2) – passed before Petitioner placed his Section 2254 petition into his prison's mail system for its delivery to this court.

**B.    Leave to show cause**

The Court grants Petitioner 60 days from the date of this order to show cause by declaration why the Court should not deny the petition as time-barred. Petitioner should include in his declaration a clear listing of: (1) the dates that he filed each of his state-court postconviction collateral motions and applications challenging his conviction, including any application for error *coram nobis* relief, all motions under N.Y. Crim. Proc. Law § 440, and any other state-court postconviction collateral motions and applications; (2) the dates when those motions or applications were decided; (3) the dates on which he filed any appeals or applications for leave to appeal from those decisions; (4) the dates when those appeals or leave applications

---

[5] Petitioner alleges that he attempted to file his third Section 440.10 motion on August 29, 2018, but that it was not regarded as filed by the trial court until approximately September 2020, and was then denied on January 7, 2021. (ECF 1, at 27-28.) On May 8, 2019, Petitioner may have filed a second Article 78 petition in the Appellate Division to compel the trial court to adjudicate his third Section 440.10 motion. (*Id.* at 27, 92.) Petitioner does not state the status or result of his second Article 78 proceeding.

were decided; and (5) the dates when he received notice of those state-court decisions on those appeals or leave applications. Petitioner should also allege any facts showing that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting his petition. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that the limitations period to bring a Section 2254 petition is subject to equitable tolling in appropriate cases).

## CONCLUSION

The Court grants Petitioner 60 days from the date of this order to show cause by declaration why the Court should not deny the petition as time-barred. A declaration form is attached to this order. If Petitioner timely files a declaration, the Court will review it, and if proper, will order Respondent to answer. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the Court will deny the petition as time-barred. No answer shall be required at this time.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court directs the Clerk of Court to mail a copy of this order to Petitioner and note service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 27, 2021
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                    Chief United States District Judge