UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK X

SAMUEL ENCARNACION,
        PETITIONER,

    -AGAINST-                      CASE NO. 21-CV-07584(ER)SDA

THE SUPERINTENDANT OF FIVE
POINTS CORRECTIONAL FACILITY.      LETTER

        RESPONDENT.

RECEIVED
SDNY PRO SE OFFICE
2022 APR 12 PM 12: 00

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 04/13/2022

TO; THE HONORABLE MAGISTRATE JUDGE
    STEWART D. AARON

Dear your honor, i the petitioner SAMUEL ENCARNACION, am writing you today, in regards to your MARCH 30,2022, order, which is directing me to respond to the respondents motion to dismiss at ECF No.16, as you can see, i received this order at this facility on APRIL 1, 2022, (SEE EXHIBIT(A), however as of this writing i HAVE NOT RECEIVED TA COPY OF THE RESPONDENTS MOTION TO DISMISS, in order to formulate a answer and respond by this courts deadline of APRIL 29,2022, as your honor can see your honors corresponde- nce is post-marked    , 3/30/2022, and two- days later i received the order here at the facility. after i received said order i called via telephone the PRO-CLERKS OFFICE, and spoke to ms. anderson who informed me that the respondents motion to dism- iss was filed on MARCH 28,2022, and that i the petitioner was allegedly served with a copy of the respondents motion to dismiss on MARCH 28, 2022 via U.S. MAIL, however, again, as of APRIL 4,2022 i have not received the respondents motion to dismiss. so if your honor would like i can request a F.O.I.L request to the facility and     request the LEGAL MAIL LOG BOOK which will show that from the dates of MARCH 28, to APRIL 4 2022 i have not recei

(1)

-ved any legal mail from the respondents nor have i signed for any. however without the benefit of seeing the respondents motion to dismiss at ECF no.16. i would like to object to this court even considering the motion. as the respondent's motion <u>IS LATE AND PASS THE DEAD LINE IMPOSED BY THE HONORABLE EDGARDO RAMOS IN HIS JANUARY 26, 2022 ORDER TO ANSWER</u>, which mandated the respondent to file a answer , motion or other response to the petition. from the date of that order, meaning the respondent's <u>DEADLINE WAS MARCH 27,2022</u>, and given the vast resources at the disposal of the respondents, there is no reasonable explaination for the respondents failure to comply with the deadline. as all the respondent had to do was <u>ASK FOR A EXTENTSION OF TIME IN ORDER TO ANSWER</u>, and given the respondent's access to the ECF SYSTEM, UNLIKE the petitioner, that would have been a simple <u>E-MAIL</u>. so i the petitioner again <u>FIRST</u> <u>OBJECTS</u>, to the court even considering the <u>untimely motion</u> to dismiss, and instead this court should sign the <u>ORDER TO SHOW CAUSE  DATED MARCH 31, 2022</u> on the petitioners motion,for default judgement which i the petitioner filed prior to receiving this courts march 30,2022 order. BECAUSE  again without the benefit of seeing the respondents motion to dismiss, i would like to pointout  that on 9/27/21 the honorable  chief district court judge  LAURA TAYLOR SWAIN ordered i, the petitioner to show cause before this court, as to why my petition is not timed barred, after i the petitioner  demonstr-ated the cause, a order was issued on january 26,2022 , ordering the respondent to answer the petition, and the petitioner would like to note " : the time -limitations in 2244(D) do not deprive this court of juridiction to consider this matter. second i, the



21-CV-07584 ER-SDA

petitioner would also like to point out , that after being delayed and denied access to the court for over TWO-years judge marcus finally took it upon himself to produce a <u>MANIFESTLY ERRORNEOUS DECISION ON THE MERITS</u>(see exhibit(G) of my motion for default judgement)on <u>JANUARY 7,2021,</u> which i then did seek leave to appeal that awful and bias decision to the FIRS-t DEPARTMENT whhich ultimately resulted in judge lizabeth GONZA-lez denying me leave to appeal, so i fully exhausted these clear violations in the state, and i have given the respondent a opportunity to correct these clear violations, and instead the respondent tried to cover them up. and when as here a petitioner is denied <u>DUE PROCESS,during a critical stage of the pre-trial proceedings,</u> which led to the petitioner being denied the RIGHT TO THE <u>ASSISTANCE</u> OF COUNSEL DURING A CRITICAL STAGE OF THE PRE-TRIAL PROCEEDINGS. PROCEDURAL DEFAULT DOES NOT LIE TO PREVENT THI-S COURT FROM REACHING THE MERITS OF THIS MERITORIOUS CLAIM(see exhibit (B)39 am.jur.2d HABEAS CORPUS 46) so whatever procedural manuvers the respondent wants to pull after <u>YEARS</u> of denying the petitioner meaningful and reasonable access to the courts in order to cover up these violations, must be rejected by this court, especially in light of the fact that the respondents motion is <u>UNTIMELY</u>. and given the evidence there <u>IS NO EVIDENCE THE RESPOND-ENT CAN PROVIDE THIS COURT TO REBUT THE EVIDENCE THE RESPONDENT HHAS ALLREADY PROVIDED PROVING THAT MY PROCEDURAL DUE PROCESS RIGHTS WERE VIOLATED DURING A CRITICAL STAGE, LEADING TO THE DENIAL OF MY RIGHT TO THE ASSISTANCE OF COUNSEL DURING THE CRITIC-AL STAGE OF THE DNA MOTION PRACTICE. BECAUSE</u> , again according to

THE BRONX DISTRICT ATTORNEY'S OFFICE, ONW SWORN AFFIRMATIONS--TO REPEAT-- THE BRONX DISTRICT ATTORNEY'S OFFICE OWN SWORN AFFIRMATIONS, THE INCONTROVERTIBLE EVIDENCE PROVES AND ESTABLISHES THAT;

   (1) A.D.A suzanne mcelwreath, did file a DNA motion dated;october 5,2007 to compel the removal of a DNA sample from the petitioner on october 9,2007.
   (see exhibit (C) DNA MOTION STAMPED RECEIVED BY BRONX SUPREME COURT ON **OCTOBER 9,2007**)

   (2) the trial court(ALLEGEDLY) after receiving A.D.A SUZANNE MCELWREATH's DNA MOTION to compel, grants A.D.A suzanne mcelwreath's DNA motion to compel directing the removal by force of a dna sample from the petitioner, samuel encarnacion on OCTOBER 9,2007(see exhibit(D) ruling;

"IT APPEARS TO THE SATISFACTION OF THE COURT FROM THE ANNEXED AFFIRMATION OF SUZANNE MCELWREATH, AN ASSISTANT DISTRICT ATTORNEY IN THE OFFICE OF ROBERT T. JOHNSON, DISTRICT ATTORNEY OF BRONX COUNTY, OF DATED OCTOBER 5,2007 THAT THE TAKING OF SAMPLE OF THE DEFENDANT'S SALIVA IS NECESSARY"

"IT IS HEREBY ORDERED THAT ON OCTOBER 9,2007, or as soon thereafter as practical, SAMUEL ENCARNACION, shall submit to a procedure whereby samples of his saliva can be obtained

"IT IS FURTHER ORDERED, THAT EACH INDIVIDUAL employee of the office of the chief medical examiner, having knowledge of this order, take all necessary steps to insure its effectuation REGARDLESS OF THE WISHES OF THE DEFENDANT AND REGARDLESS OF THE NECESSITY TO USE FORCE TOINSURE COMPLIANCE WITH THIS ORDER"(SEE EXHIBIT(D)

   (3)then AFTER, the court's order was (ALLEGEDLY) issued BRONX DISTRICT ATTORNEY SECRATARY, CHRISTAL SIMS, subsequently creates a AFFIDAVIT of service in where BRONX DISTRICT ATTORNEY SECRATARY CHRISTAL SIMS DULY SWEARS TO; "ENCLOSING IN A SECURELY SEALED POST-PAID WRAPPER BOTH NOTICE OF MOTION&AFFIRMATION&ORDER and depositing the same NOT IN TRIAL COUNSEL'S HAND, NOT IN FRONT OF TRIAL COUNSELS LAW OFFICE, NOT IN A FAX MACHINE, NOT IN A E-MAIL, NOT OVER THE TELEPHONE, BUT IN A POST OFFICE BOX LOCATED AT 196 E 161 STREET ON OCTOBER 9,2007.(SEE EXHIBIT(E) and effectively serving counsel a DNA motion that had allready been granted by the court with a force order. and since ASSISTANCE of counsel needs to be before the court order, to prevent the bodily intrusion, cleary that right was denied here as coun-

sel was TOTALLY ABSENT DURING THIS CRITICAL STAGE BY THE PEOPLES FAILURE TO GIVE NOTICE PRIOR TO THE COURT'S ORDER.

(4) while the post office was (ALLEGEDLY) BARELY delivering both NOTICE OF MOTION&AFFIRMATION&ORDER contained inside the securely-sealed post-paid wrapper, the peoples "DNA expert" testified under oath to having received the petitioner's, buccal swabs on OCTOBER 11,2007(and anyone knows REGULAR U.S. MAIL TAKES AT LEAST TWO-DAYS FOR DELIVERYNGso clearly the bodily intrusion had occured .

### ROY SCHWARTZ CROSS-EXAMINATION

Q. I SEE. AND WHEN DID YOU RECEIVE THE SAMPLES OF DNA ALLEGEDLY FROM ENCARNACION, THE DEFENDANT?

A. THOSE-- THOSE SWABS WERE RECEIVED ON OCTOBER 11, 2007.

q. THIS YEAR?

A. YES, THAT'S CORRECT.

Q. A FEW WEEKS AGO.
(SEE EXHIBIT(F)

and            it is important to note in these transcripts that when trial counsel, was met with the revelation of the petit-ioner's swabs being obtained by the office of the chief medical examiner on OCTOBER 11,2007, his FIRST QUESTION THEREAFTER WAS "THIS YEAR?" (WITH A QUESTION MARK) "A FEW WEEKS AGO" clearly the implication being that counsel had no knowledge the petitioner's DNA sample had been removed quote"THIS YEAR?""A FEW WEEKS AGO."

(5)the record is completely silent as there is NO COURT PROCEEDING, TRIAL TRANSCRIPTS, COURT DOCUMENTS OR OTHER EVIDENCE TO EVEN SUGGEST, counsel, along with the petitioner was given notice of the DNA motion PRIOR, TO THE COURTS ORDER

(6)since this court must look to state law to determine what is a critical stage, and state law unequivocally states that DNA motion practice is a critical stage of the proceeding entitiling a defendant to the assistance of counsel indeed the respondent , the bronx district attorney's office conceeded, that DNA motion practice is a critical stage when

(5) 21-CV-07584ER-SDA

judge garcia of the N.Y. court of appeals declared in his opinion;

'"THE PARTIES DO NOT DISPUTE THAT THE MOTION PRACTICE SURROUNDING THE BUCCAL SWAB AMOUNTED TO A CRITICAL STAGE OF THE PROCEEDING, ENTITLING DEFENDANT TO THE ASSISTANCE OF COUNSEL."

(SEE EXHIBIT(G) PEOPLE V SMITH,30 NY3d 626(2017)

and the parties in the SMITH case being the bronx district attorney's office.

(7) and all the violations of my FUNDAMENTAL CONSTITUTIONAL RIGHTS occured on OCTOBER 9,2007, over 2 weeks before my actual trial began commenced on OCTOBER 29,2007 (SEE EXHBIT (H)

So given the respondents failure to fully comply with this courts january 26,2022 order to answer, by filing a untimely motion to dismiss, and since as of this writing, i have NOT RECEIVED, the respondents motion to dismiss nor the transcripts and briefs iden-tified in RULE5(C). and as a result the respondent is in further violation of this courts order, as the respondent has also failed to timely serve the petitioner, INCONJUNCTION

with the OVERWHLEMING, CLEAR, AND INCONTROVERTIBLE EVIDENCE PROVING AND ESTABLISHING, I, the petitioner was denied basic procedural due process during a critical stage of the pre-trial proceedings, which led to the denial of my right to counsel during the critical stage, which again, according to federal law renders THE JUDGEMENT OF CONVICTION VOID.(see exhibit (B) the petitioner is currently being ILEGALLY DETAINED BY THE SUPERINTENDANT OF FIVE POINT CORRECTIONAL FACILITY ON A ILEGAL SENTENCE AND COMMITment order WHICH IS VOID(SEE EXHIBIT(I) because again,the prosec-

(6)   21-CV-07584 ER-SDA

uting attorney A.D.A suzanne mcelwreath <u>INTENTIONALLY DEPRIVED the petitioner of his fundamental constitutional rights during the critical stage of the DNA MOTION practice on OCTOBER 9,2007</u> and as a reslut <u>ALL--TO REPEAT--ALL PROCEEDINGS ON INDICTMENT NO.04268C/2005 FROM OCTOBER 9,2007 FORWARD ARE ALL NULL AND VOID</u> and as such the <u>SENTENCE AND COMMITMENT ORDER DATED DECEMBER 19, 2007,</u> which is the <u>ONLY DOCUMENT</u>, that gives the respondent, <u>THE SUPERINTENDENT OF FIVE POINTS, THE LEGAL AUTHORITY TO DETAIN THE PETITIONER IN THE CUSTODY OF THE NEW YORK DEPARTMENT OF CORRECTIONS AND COMUNITY SUPERVISION, IS ALSO ILEGAL, NULL AND VOID!</u>(SEE EXHIBIT(I) <u>WHEREFORE</u>, the petitioner requests his <u>IMMEDIATE RELEASE FROM THE CUSTODY OF THE SUPERINTENDENT OF FIVE POINTS,</u> as the evidence before this just court proves the superintendent of FIVE POINTS has <u>NO LEGAL AUTHORITY TO DETAIN OR TO CONTINUE TO DETAIN, THE PETITIONER ON THIS ILEGAL SENTENCE AND COMITMENT ORDER.</u> (SEE <u>GARLICK V MILLER</u>, 2021 WL 4295210 standing for the point that a court order must be followed as written)

X *Samuel Encarnacion*   APRIL 4, 2022
SAMUEL ENCARNACION 07a7121
FIVE POINTS CORRECTIONAL FACILITY
STATE ROUTE 96, P.O. BOX 119
ROMULUS NY 14541

21-CV-07584(ER)(SDA)

**ENDORSEMENT:**
No later than April 25, 2022, Respondent shall re-serve a copy of his motion to dismiss (ECF Nos. 16, 17, 18) on Petitioner and file proof of service promptly thereafter. No later than May 30, 2022, Petitioner shall file his opposition. No later than June 29, 2022, Respondent shall file any reply. SO ORDERED.
Dated: April 13, 2022

(7)

I, SAMUEL ENCARNACION, DECLARE UNDER PENALTY OF PERJURY THAT THE FACTS CONTAINED IN THIS LETTER-MOTION ARE TRUE AND CORRECT X *Samuel Encarnacion* 4/4/22
SAMUEL ENCARNACION
DIN# 07A7121